133 N.J. Super. 469 (1975)
337 A.2d 393
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
JOSEPH G. SZIMA, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued April 8, 1975.
Decided April 22, 1975.
*470 Before Judges HALPERN, CRAHAY and WOOD.
Mr. Harold Goldman argued the cause for appellant (Messrs. Goldman, Carlet, Garrison & Bertoni, attorneys; Mr. Goldman of counsel and on the brief).
Mr. Richard J. Engelhardt, Deputy Attorney General, argued the cause for respondent (Mr. William F. Hyland, Attorney General of New Jersey, attorney; Mr. Richard J. Engelhardt of counsel and on the brief).
PER CURIAM.
Defendant was arrested on February 4, 1972 and charged with various gambling and related activities in violation of N.J.S.A. 2A:112-3 and N.J.S.A. *471 2A:121-3. He was arraigned on said charges in the Municipal Court of the City of Garfield on February 11, 1972.
In January 1974, about 23 months after his arrest, he was served with a state grand jury indictment charging him with bookmaking (N.J.S.A. 2A:112-3), working for a lottery (N.J.S.A. 2A:121-3(a)), maintaining a gambling resort (N.J.S.A. 2A:121-3(c)), and possession of lottery slips (N.J.S.A. 2A:121-3(b)).
In April 1974 he moved to dismiss the indictment on the ground that he was denied a speedy trial as guaranteed by the Sixth Amendment to the Constitution of the United States.[1] The motion was denied, as was motion for leave to take an interlocutory appeal to this court.
Defendant then went to trial, waiving trial by jury and reserving his constitutional claims. He was convicted on three counts of the indictment and sentenced to concurrent State Prison terms of not less than one year nor more than 15 months. His principal ground of appeal is the asserted violation of his constitutional right to speedy trial.
Surprisingly, although the right to speedy trial is of equal stature with other rights guaranteed by the Constitution, it was only occasionally and sporadically dealt with by the Supreme Court of the United States prior to its decision in Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). Prior to that decision it was the rule in most jurisdictions that a defendant must make a demand for speedy trial as a prerequisite to a motion to dismiss for failure to accord him that right.
*472 Our court rules provide for the implementation of that right in two situations: delay between indictment and trial, R. 3:25-2, and (that which obtains here) delay between the initial complaint and the return of an indictment by the grand jury. As to the latter, R. 3:25-3 provides:
If there is unnecessary delay in presenting the charge to a grand jury or in filing an accusation against a defendant who has been held to answer upon a complaint, the Assignment Judge may dismiss the complaint on his or the defendant's motion.
Here the complaint was not dismissed either upon defendant's motion or upon that of the assignment judge. Nevertheless, such failure did not constitute a waiver of the protection of the Sixth Amendment. In Barker v. Wingo, supra, the court said:
The nature of the speedy trial right does make it impossible to pinpoint a precise time in the process when the right must be asserted or waived, but that fact does not argue for placing the burden of protecting that right solely on defendants. A defendant had no duty to bring himself to trial; the State has that duty as well as the duty of insuring that the trial is consistent with due process. Moreover * * * society has a particular interest in bringing swift prosecutions, and society's representatives are the ones who should protect that interest. [407 U.S. at 527, 92 S.Ct. at 2190]
The Supreme Court in Barker laid down a rule placing the primary burden on courts and prosecutors to assure that cases are promptly brought to trial. It prescribed, for consideration of such cases, "a balancing test, in which the conduct of both the prosecution and the defendant are weighed." Four such factors are identified: "Length of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant." 407 U.S. at 530, 92 S.Ct. at 2192.
Applying the "balancing test" in this case we find that the balance is weighted decisively against the State. The delay of nearly two years in the bringing of the indictment *473 was, in the absence of an explanation, grossly inordinate. Defendant did not move for dismissal of the complaint, as he might have done under R. 3:25-3, but we recognize that as a practical matter defendant could hardly ask to be indicted. However, after the return and service upon him of this indictment, he promptly moved for its dismissal.
The State, on the other hand, at no time offered any explanation or reason whatever for the delay and for its failure to move this case with anything approaching reasonable dispatch. The avoidance of such unexplained delay is the primary object of the constitutional guarantee. Although defendant has not demonstrated any specific prejudice to his defense, Barker makes it clear that delay is inherently capable of leading to prejudice, both to defendant and to society.
The State's failure in this case leaves us no choice but to conclude that, under the Barker v. Wingo tests, there has been an unconstitutional denial to the defendant of his right to speedy trial. The only remedy for that deprivation is dismissal of the indictment. A reduction in sentence will not suffice. Strunk v. United States, 412 U.S. 434, 93 S.Ct. 2260, 37 L.Ed.2d 56 (1973). Thus we find it unnecessary to consider defendant's contention that the sentence was excessive.
The judgment is reversed and the case remanded with direction that the indictment be dismissed.
NOTES
[1] The Sixth Amendment provides:

"In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining Witnesses in his favor, and to have the Assistance of Counsel for his defence."